UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JACQUELINE HYLTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:20-CV-00021-NCC |
| | ) |
| THE BANK OF NEW YORK MELLON and CARRINGTON MORTGAGE SERVICES, LLC, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Jacqueline Hylton's Motion for Leave to Amend Petition Or, Alternatively, Motion for Dismissal Without Prejudice (Doc. 48).  The Motion is fully briefed and ready for disposition.  The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. 18).  For the following reasons, Plaintiff's Motion for Leave to Amend Petition Or, Alternatively, Motion for Dismissal Without Prejudice is **GRANTED, in part** and **DENIED, in part** and this matter will be **DISMISSED, without prejudice**.

## I. Background

Plaintiff Jacqueline Hylton ("Hylton") filed this action against The Bank of New York Mellon ("BNY Mellon") and Carrington Mortgage Services, LLC ("Carrington") (collectively, "Defendants") for Wrongful Foreclosure (Count I) and Violations of the Missouri Unfair Merchandising Practices Act ("MMPA") (Count II) on November 12, 2019, in the Circuit Court of St. Louis County, Missouri (Doc. 4).  Defendants timely removed the action to this Court on January 7, 2020, based on diversity jurisdiction (Doc. 1).  The alleged facts are as follows.  In December 2004, Hylton executed a mortgage note in the amount of $93,750.00 secured against

the parcel of real property, Hylton's personal residence, at 9007 Bobb Abe., Overland, MO 63114 (the "Property") by deed of trust granted to CTC Real Estate Services as Trustee for Countrywide Home Loans ("Countrywide") (Doc. 4-1).  In July 2015, Countrywide assigned the note and Deed of Trust to BNY Mellon (Doc. 4-2).  Between 2005 and 2017, Hylton submitted monthly mortgage payments to Countrywide and/or Ditech Financial LLC as mortgage services for BNY Mellon.  On August 25, 2017, Hylton was notified that the servicing of her home loan had been transferred to Carrington who is presently the lender's servicing company acting on behalf of BNY Mellon.  After August 2017, Plaintiff contends that Carrington began misapplying or failing or refusing to apply Hylton's mortgage payments to the principal balance of the home loan.  Hylton was not notified that her mortgage payments had not been received.  In August 2018, Defendants initiated foreclosure on the Deed of Trust.  On August 8, 2019, CSM Foreclosure Trustee Corporation sold the property to BNY Mellon at a Trustee's Sale in St. Louis County for $53,900.00 (Doc. 4-3).  Hylton asserts that Defendants wrongfully foreclosed on the Property as there was no breach or failure of performance by Hylton which would authorize foreclosure.  Further, the fair market value of the Property at the time exceeded the aggregate amount of all liens on the Property.  Hylton also asserts that Defendants violated the MMPA by (1) failing or refusing to apply the monthly payments to the mortgage balance; and (2) falsely representing the amount of outstanding principal and interest.

Relevant to the current motion, Hylton's original counsel, Ted Disabato, did not properly enter his appearance in this action until April 24, 2020, after the Court entered two show cause orders (Docs. 13, 15).  Similarly, co-counsel, Erik Zorumski, who originally appeared as sole counsel of record, was not admitted to practice in this District until receiving the oath immediately prior to the Rule 16 Conference (Doc. 22).  Resolution of these issues took approximately four months from the date of removal (Docs. 1, 20).  On November 13, 2020,

Hylton's original attorneys moved to withdraw as her counsel of record (Doc. 28). In their request, counsel indicated that Hylton had discharged the firm as her counsel (*Id.*). On December 4, 2020, current counsel, J. Christopher Wehrle, entered on behalf of Hylton (Doc. 32). The Court subsequently held a conference to address the status of the case in light of the entry of new counsel and the need to continue the previously set trial date (Doc. 36). At the direction of the Court, the parties submitted a joint notice with three proposed trial dates (Doc. 37). The Court entered the First Amended Case Management Order on March 19, 2021, amending the trial date to November 15, 2021, but otherwise retaining the prior case deadlines including the June 10, 2020 deadline to file a motion for amendment of pleadings and the April 2, 2021 deadline to file dispositive motions (Doc. 38).

On March 23, 2021, Defendants filed a Motion for Summary Judgment (Doc. 39). Hylton requested, and received, three extensions of time to respond to the Motion (Docs. 41-47). On May 7, 2021, Hylton filed the current Motion for Leave to Amend Petition Or, Alternatively, Motion for Dismissal Without Prejudice (Doc. 48). In her Motion, Hylton seeks to amend her Petition as the "fact pattern was incorrectly plead in Hylton's Petition" (Doc. 49 at 2). Rather than alleging that Defendants misapplied payments made by Hylton after August 2017 and misrepresented the amount due from Hylton, Hylton seeks to plead that Defendants mishandled a modification document, signed by Hylton and timely sent to Defendants, and that Defendants represented to Hylton that they would cancel the foreclosure sale (*Id.*). Alternatively, Hylton moves to dismiss this matter without prejudice (*Id.*).

Defendants filed an Objection to Plaintiff's Motion for Leave to Amend Petition and a Memorandum in Support of their Objection (Docs. 52, 54). Defendants argue that, given the length of time both counsel and Plaintiff have been engaged in litigation over the Property with Defendants, the timing to request an amendment of pleadings is "questionable" (Doc. 54 at 3).

3

Specifically, Defendants note that Hylton's current counsel was previously involved in the underlying matter, having filed a Petition and Application for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction in the Circuit Court of St. Louis County, Missouri. *See Jacqueline Hylton v. Carrington Mortgage Services LLC and CSM Foreclosure Trustee Corp.*, Case No. 18SL-CC03459.[1] In Hylton's state court case, Hylton alleged, in part, that Carrington misapplied her mortgage payments. The circuit court enjoined the sale of the Property. On February 13, 2019, Hylton voluntarily dismissed the state court action without prejudice. On August 8, 2019, the Property was sold as indicated above by Hylton. Thus, Defendants assert that there is no basis for granting Hylton's request to amend her Petition as Hylton has not provided any reasons why these new allegations could not have been brought before the deadline to amend pleadings under the Case Management Order (Doc. 54 at 3-4). As to Hylton's alternative request to dismiss the action, Defendants note that dismissal is not mandatory under Federal Rule of Civil Procedure 41(a)(2) and, if the Court permits dismissal, Defendants seek their attorneys' fees and costs incurred in this case (*Id.* at 5).

## II. Analysis

**A. Leave to Amend**

A motion for leave to amend that is filed after the deadline for filing motions for amendment of pleadings has passed "implicate[s] both Rule 15(a) and Rule 16(b)." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). Under Rule 16(b), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). A plaintiff must demonstrate good cause according to Rule 16(b)(4) before pleadings can be

---

[1] This Court may take judicial notice of Missouri State Court records, as obtained through the public records published on Missouri Case.net. *See Levy v. Ohl*, 477 F.3d 988 (8th Cir. 2007) (district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420

4

amended after the scheduling deadline.  *See Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 947-48 (8th Cir. 2012).  Good cause requires a change in circumstance, law, or newly discovered facts.  *Id.* at 948 (8th Cir. 2012).  "[T]he application of Rule 16(b)'s good cause standard is not optional."  *Sherman,* 532 F.3d at 716.  If the movant establishes good cause under Rule 16(b), the Court considers whether to amend the pleadings under Rule 15(a) which states, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "A district court appropriately denies the movant leave to amend if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment."  *Sherman*, 532 F.3d at 715.  The determination as to whether to grant leave to amend is entrusted to the sound discretion of the trial court.  *Niagara of Wis. Paper Corp. v. Paper Indus. Union Mgmt. Pens. Fund*, 800 F.2d 742, 749 (8th Cir. 1986).

      The Court finds that Hylton has not established good cause for seeking leave to amend her complaint.  "The primary measure of good cause is the movant's diligence in attempting to meet the [scheduling] order's requirements."  *Harris v. FedEx Nat. LTL, Inc.*, 760 F.3d 780, 786 (8th Cir. 2014) (quoting *Sherman*, 532 F.3d at 716-17).  This action has been pending since November 2019 and in this Court since January 2020.  The Court set a deadline of July 10, 2020 for the amendment of pleadings.  While the Court is mindful of Hylton's issues with prior counsel, current counsel had several opportunities to raise the need to amend the Petition before the Court but did not timely do so.  Current counsel entered on behalf of Hylton in December 2020, and did not move or otherwise raise the issue of amendment before the Court, including

---

F.3d 757, 760 n. 2 (8th Cir. 2005) (courts "may take judicial notice of judicial opinions and public records.").

during a status conference in February. During the status conference, counsel did not indicate any need to amend the pleadings or otherwise modify the Case Management Order; the Court amended the Case Management Order to continue the trial date in consideration of the Court's docket and unavoidable COVID-19 related delays. Defendants thereafter timely filed their Motion for Summary Judgment and Hylton requested, and received, several extensions of time to respond to the Motion. Instead of responding, nearly six months after entering an appearance on Hylton's behalf, counsel filed the current Motion seeking amendment of the November 2019 Petition or, alternatively, dismissal of this action without prejudice. Hylton has not provided any reason why these new allegations could not have been raised either before the July 2020 deadline or within a reasonable time of the entry of new counsel. *See Freeman v. Busch*, 349 F.3d 582, 589 (8th Cir. 2003) (finding district court properly denied the motion to amend complaint where it was filed ten months after the court entered the scheduling order and seven weeks before the close of discovery and where plaintiff failed to provide a reason why punitive damages could not have been alleged earlier).

In addition, although a secondary consideration, the prejudice to Defendants, at this stage of the litigation, is significant; discovery is closed, this matter is set for trial later this year, and a Motion for Summary Judgment is currently pending before the Court. Thus, Defendants have met their burden to establish that they would be prejudiced by the amendment. *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001). *See also Kozlov v. Associated Wholesale Grocers, Inc.,* 818 F.3d 380, 395 (8th Cir. 2016) (internal quotation marks omitted) ("Motions [to amend] that would prejudice the nonmoving party by requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy are particularly disfavored."). Accordingly, the Court will deny Hylton's request to amend the Petition.

### B. Voluntary Dismissal

In the alternative, Hylton requests leave to dismiss this action without prejudice. Hylton asserts that dismissal is necessary for the same reasons that an amendment is warranted. Hylton's counsel entered the case on December 4, 2020 and, in the process of preparing a response to Defendants' Motion for Summary Judgment, Hylton's counsel discovered that the Petition was inaccurate as to the facts of the case. Hylton argues that Hylton is unable to respond to the Motion for Summary Judgment or otherwise proceed with the case absent either an amendment of the Petition or a dismissal without prejudice.

Federal Rule of Civil Procedure 41(a)(1) permits a plaintiff to dismiss an action, without a court order and without prejudice by filing either (i) a notice of dismissal before the opposing party has served either an answer or a motion for summary judgment, or (ii) a stipulation of dismissal signed by all parties who have appeared. Except for the narrow circumstances described in Rule 41(a)(1), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The district court has discretion in deciding whether to allow a plaintiff to voluntarily dismiss an action under Rule 41(a)(2). *Blaes v. Johnson & Johnson*, 858 F.3d 508, 512 (8th Cir. 2017).

The district court "has a range of choice, and [] its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." *Id.* When deciding whether to grant a motion for voluntary dismissal under Rule 41(a)(2), the court must consider the following factors: 1) whether the party has presented a proper explanation for its desire to dismiss; 2) whether a dismissal would result in a waste of judicial time and effort; and 3) whether a dismissal will prejudice the defendants. *Id.* "Courts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit." *Adams v. USAA Cas. Ins. Co.*, 863 F.3d 1069, 1079 (8th Cir. 2017). However, a party may not

7

voluntarily dismiss merely to escape an adverse decision or to seek a more favorable forum. *Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999).

The Court will permit Hylton to voluntarily dismiss this action. The record is clear that Hylton's prior counsel encountered several administrative issues in this action. Hylton subsequently retained current counsel and prior counsel withdrew from the case. Although this reason, and subsequent delay, may be insufficient to establish good cause under Rule 16 to allow an amendment of the pleadings, the Court finds that it is a proper explanation for Hylton's desire to dismiss as the breakdown of her relationship with prior counsel appears significant. *See Thurman v. St. Louis Cty.*, No. 4:19-CV-00828-SRC, 2019 WL 5457993, at *2 (E.D. Mo. Oct. 24, 2019) ("[Plaintiff] desires to dismiss the case due to her counsel's demonstrated inability to effectively carry out the representation."). Further, there is no suggestion that Hylton requests dismissal merely to seek a more favorable forum and, while a motion for summary judgment is pending, there is also no suggestion Hylton is trying to escape an adverse decision as the Court has not yet ruled on the motion or otherwise previously entered an unfavorable decision as to Hylton. Dismissal without prejudice would also not result in a waste of judicial time and effort. Although this action has been pending in this Court since January 2020 and trial is scheduled for later this year, significant motion practice has not occurred until recently and the Court has not yet addressed any dispositive motions. Indeed, district courts in this Circuit have granted dismissals without prejudice in cases far more advanced than this one. *See, e.g., United States v. Thirty-Two Thousand Eight Hundred Twenty Dollars & Fifty-Six Cents*, 79 F. Supp. 3d 927, 932 (N.D. Iowa 2015), *aff'd sub nom. United States v. Thirty-two thousand eight hundred twenty dollars & fifty- six cents ($32,820.56) in United States Currency*, 838 F.3d 930 (8th Cir. 2016) (granting dismissal without prejudice after close of discovery); *see also Kern v. TXO Prod. Corp.*, 738 F.2d 968 (8th Cir. 1984) (affirming dismissal without prejudice granted after start of

8

trial). Finally, Defendants will not be "legally prejudiced" as "[n]either the expense and effort of drafting and responding to discovery nor the loss of a tactical advantage constitute legal prejudice." *Blaes,* 858 F.3d at 513. To the extent Defendants seek attorneys' fees and costs associated with this litigation, the Court finds the award unwarranted as much of the work Defendants expended in this litigation will be useful in any future action and the prior claims in the pre-foreclosure state court action are substantially different than those pending before this Court. The Court will note, however, that Federal Rule of Civil Procedure 41(d) would apply to any future action filed by Hylton "based on or including the same claim against the same defendant." Fed. R. Civ. P. 41(d). Therefore, the Court will grant Hylton's request to dismiss this action without prejudice.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Jacqueline Hylton's Motion for Leave to Amend Petition Or, Alternatively, Motion for Dismissal Without Prejudice (Doc. 48) is **GRANTED, in part** and **DENIED, in part** and this matter is **DISMISSED, without prejudice**.

**IT IS FURTHER ORDERED** that, in light of the dismissal, Defendants' Motion for Summary Judgment (Doc. 39) is **DENIED, without prejudice, as moot**.

A separate order of dismissal will accompany this Memorandum and Order.

Dated this ___ day of June, 2021.

/s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE